**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JASON KLEINBUB ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Cause No.: 1:22-cv-493 |
| ) | |
| TRACTOR SUPPLY, CO. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Jason Kleinbub ("Kleinbub"), by counsel, against Defendant, Tractor Supply, Co. ("Defendant") alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.,* Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.*

**II. PARTIES**

2. Kleinbub is a resident of Madison County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 29 U.S.C. § 626(c); 42 U.S.C. § 12117 (a); and 29 U.S.C. § 2617 (a)(2).

5.      Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b); 42 U.S.C. § 12111(5); and 29 U.S.C. § 2611(4).

6.      Kleinbub was an "employee" as that term is defined by 29 U.S.C. § 630(f); 42 U.S.C. § 12111(4); and 29 U.S.C. § 2611(2).

7.      Kleinbub satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on age and disability. Kleinbub received his Notice of Suit Rights and timely files this action.

8.      A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

9.      Kleinbub, who was 50 years old at the time of these events, began his employment with Defendant in or around October 2017. His most recent position with Defendant was as a Shipping Supervisor. During his tenure, Kleinbub met or exceeded Defendant's legitimate performance expectations.

10.     Kleinbub, who has a prosthetic eye and suffers from migraines, is a qualified individual with a disability under the ADA. During his tenure, Defendant was aware of Kleinbub's disabilities.

11.     In or around March 2018, Matt Layman ("Layman"), Operations Manager, began to single out and treat Kleinbub differently than all other employees. Kleinbub complained to David Murphy ("Murphy"), Operations Manager. Murphy confirmed a few weeks later that

Layman was indeed treating Kleinbub unfairly when compared to other non-disabled individuals. Murphy spoke to Layman and the treatment stopped temporarily.

12. On or about March 10, 2021, Kleinbub was out on approved FMLA due to migraines. While out on leave, he asked Layman to order cardboard on Kleinbub's behalf since he was out and not permitted to place the order. Layman confirmed that he would. When Kleinbub returned to work, the cardboard had not been ordered. When Kleinbub spoke to Layman about it he told Kleinbub that he should have come into work and ordered the cardboard himself and that it was Kleinbub's fault that it was not ordered.

13. Defendant requires mandatory overtime. However, if team members are not needed after arriving, they can be sent home. In or around April 3 and 5, 2021, a similar shipping supervisor, who does not have a disability, permitted part of his team to go home. Kleinbub spoke to the similar shipping supervisor and permitted some of his team members to go home early on or around April 6 and 7, 2021, due to similar circumstances. Kleinbub received a Corrective Action Form from Layman on April 7, 2021, for violating this policy. The similar shipping supervisor, who does not have a disability, was not written up by Layman.

14. In or around April 2021, Kleinbub took two approved vacation days. Defendant uses a tracking system named Kronos for timesheets. After the time period had closed for inputting time, Layman told Kleinbub he had to update Kronos with his two approved vacation days. Since Kleinbub could not access the system, he was unable to do so. Kleinbub received a Corrective Action Form from Layman on April 27, 2021, for failing to update Kronos.

15. Between May and June 2021, Kleinbub was placed on approved Short-Term Disability ("STD") due to depression and other medical conditions he suffered as a result of Layman's discriminatory actions.

16. In or around May 2021, Nicole Norris ("Norris"), Human Resources, left a voicemail for Kleinbub to contact her regarding his STD claim. Kleinbub spoke to Norris, who told him that the Hartford, Defendant's insurance carrier, had emailed her regarding the STD claim. Kleinbub then contacted the Hartford and it confirmed that they never contacted Norris nor did they ask her to contact Kleinbub.

17. In or around June 2021, Kleinbub was scheduled to attend a Leadership Training class. He mistakenly missed the class due to his disabilities. Upon learning of his mistake, Kleinbub notified Layman. On June 28, 2021, Kleinbub asked Layman if he could make up the class on June 29, 2021. On or around June 29, 2021, Layman confirmed that Kleinbub would be permitted to do so.

18. On July 6, 2021, Kleinbub re-applied for FMLA. Kleinbub also informed Layman of his intent to reapply for FMLA.

19. On July 7, 2021, Kleinbub was terminated by Defendant. Shortly thereafter, Kleinbub was replaced with a younger team member.

## V. CAUSES OF ACTION

### COUNT I: ADA

20. Kleinbub hereby incorporates paragraphs one (1) through nineteen (19) of his Complaint as if the same were set forth at length herein.

21. Defendant discriminated against Kleinbub on the basis of his actual or perceived disability.

22. Defendant failed to engage in the interactive process and accommodate his disability.

23. Defendant subjected Kleinbub to disparate treatment as compared to other employees who do not suffer from the same or similar disabilities as Kleinbub.

24. Defendant's actions are in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

25. Defendant's actions were willful, intentional and done with reckless disregard for Kleinbub's legally protected rights.

26. Kleinbub has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: ADA – RETALIATION

27. Kleinbub hereby incorporates by reference paragraphs one (1) through twenty-six (26) of his Complaint as if the same were set forth at length herein.

28. Kleinbub engaged in a protected activity when he complained about disability discrimination to Defendant.

29. Defendant retaliated against Kleinbub by terminating him after he complained of disability discrimination.

30. Defendant's actions were intentional, willful, and taken in reckless disregard of Kleinbub's legal rights.

31. Kleinbub suffered damages as a result of Defendant's unlawful actions.

### COUNT III: ADEA

32. Kleinbub hereby incorporates by reference paragraphs one (1) through thirty-one (31) of his Complaint as if the same were set forth at length herein.

33. Defendant discriminated against Kleinbub on the basis of his age.

34. Defendant's actions were intentional, willful, and taken in reckless disregard of Kleinbub's legal rights.

35. Defendant's unlawful actions have violated Kleinbub's rights as protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621.

36. Kleinbub has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: ADEA – RETALIATION

37. Kleinbub hereby incorporates by reference paragraphs one (1) through thirty-six (36) of his Complaint as if the same were set forth at length herein.

38. Kleinbub engaged in a protected activity when he complained about age discrimination to Defendant.

39. Defendant retaliated against Kleinbub by terminating him after he complained of age discrimination.

40. Defendant's actions were intentional, willful, and taken in reckless disregard of Kleinbub's legal rights.

41. Kleinbub suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: FMLA-INTERFERENCE

42. Kleinbub hereby incorporates paragraphs one (1) through forty-one (41) of his Complaint.

43. Defendant interfered with Kleinbub's rights under the FMLA by terminating him as he attempted to re-apply for FMLA.

44. Defendant's actions were intentional, willful, and in reckless disregard of Adeniyi's rights as protected by the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

45. Kleinbub suffered damages as a result of Defendant's unlawful actions.

### COUNT V: FMLA - RETALIATION

46. Kleinbub hereby incorporates paragraphs one (1) through forty-five (45) of his Complaint.

47. Defendant retaliated against Kleinbub for exercising his rights under the FMLA.

48. Defendant's actions were intentional, willful, and in reckless disregard of Kleinbub's rights as protected by the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

49. Kleinbub suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Jason Kleinbub, respectfully requests that this Court enter judgment in his favor and award his the following relief:

1) Reinstate Kleinbub to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Kleinbub of front pay in lieu thereof;

2) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3) Compensation for any and all other damages suffered because of Defendant's unlawful action(s);

4) Compensatory damages for the Defendant's violations of the ADA;

5) Punitive damages for the Defendant's violations of the ADA;

6) Liquidated damages for the Defendant's violations of the ADEA and FMLA;

7) All costs and attorney's fees incurred as a result of bringing this action;

8) Pre- and Post-Judgement interest on all sums recoverable; and

9) All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*/s/ Taylor Ferguson*
Taylor Ferguson
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: tferguson@bdlegal.com
         ad@bdlegal.com
*Counsel for Plaintiff, Jason Kleinbub*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jason Kleinbub, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

*/s/ Taylor Ferguson*
Taylor Ferguson
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: tferguson@bdlegal.com
         ad@bdlegal.com
*Counsel for Plaintiff, Jason Kleinbub*